IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN K. KIRTON, | : | |
| Plaintiff | : | |
| VS. | : | NO. 5:07-CV-201(CAR) |
| MINNIE MIZZOLA, Magistrate Judge of Jones County, | : | |
| Defendants | : | **ORDER** |

Plaintiff **JOHN K. KIRTON**, a pretrial detainee at the Jones County Jail in Gray, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. IN FORMA PAUPERIS APPLICATION

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.

Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id***.

### *III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS*

Plaintiff states that on March 1, 2007 he was arrested for an alleged violation of the Georgia Controlled Substances Act. Plaintiff alleges he was brought before the Magistrate Judge for his first appearance on March 8, 2007. Plaintiff maintains that Magistrate Judge Minnie Mizzola violated his constitutional rights when she refused his requests for a pre-indictment probable cause hearing.

Plaintiff requests that this Court issue and order dismissing all charges against him and order Judge Mizzola to pay him damages.

Dismissal of charges and release from jail are not remedies that are available in a 42 U.S.C. § 1983 action. *See Preiser v. Rodriquez*, 411 U.S. 475 (1973). To the extent that plaintiff seeks to have the charges against him dismissed and gain his release, his remedy lies in a habeas corpus action. However, plaintiff must file a habeas action in the state courts and exhaust his available state remedies prior to filing any action in federal court.

Additionally, in relation to plaintiff's request for damages, the doctrine of judicial immunity entitles a judge to absolute immunity from damages for actions taken in a judicial capacity unless the action was taken in the "clear absence of jurisdiction.' **Bolin v. United States**, 225 F.3d 1234, 1239 (11th Cir. 2000). In *Harris v. Deveaux*, 780 F.2d 911 (11th Cir. 1986), the Eleventh Circuit explained that "[j]udicial immunity is absolute immunity; it applies even where a judge acts maliciously. *Id*. at 914. A judge has immunity from money damages under § 1983 when his dealings with a plaintiff are "in a judicial capacity" and he has not acted in the "clear absence of all jurisdiction." *Id*. Such is the situation in this case. When Judge Mizzola conducted the first appearance hearing, she was clearly acting "in a judicial capacity" and plaintiff has not shown that the Judge was acting in "clear absence of all jurisdiction." Therefore, Judge Mizzola enjoys immunity from monetary damages under §1983 in such a situation.

For the reasons explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 25th day of June, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb